IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ALPHA BETA APPAREL, INC.,**

        **Plaintiff,**

v.

**GOLITE BRANDS, LLC,**
**HADLEY DEVELOPMENT, LLC,**
**and BENJAMIN VERNER,**

        **Defendants.**

Case No. 22-1278-DDC-GEB

**MEMORANDUM AND ORDER OF DEFAULT JUDGMENT**

    This matter is before the court on plaintiff Alpha Beta Apparel, Inc.'s (ABA) Motion for Entry of Clerk Default Final Judgment Against defendant Benjamin Verner (Doc. 30). Plaintiff asks the court to enter a default judgment against defendant Verner under Federal Rule of Civil Procedure 55(b)(1). For reasons explained below, the court grants plaintiff's motion (Doc. 30) and directs the Clerk of the Court to enter a default judgment consistent with this Order.

**I.  Background**

    Plaintiff filed this action against three defendants, including defendant Verner, on December 21, 2022. Doc. 1. And defendant Verner has failed to answer, appear, or otherwise defend in this action, as required by law. So, defendant Verner is in default under Fed. R. Civ. P. 55. On January 27, 2023, the Clerk of the Court entered a default against this defendant (Doc. 16).

    Plaintiff's Complaint asserts one claim against defendant Verner (Count VI), alleging negligent misrepresentation. Doc. 1 at 9–10 (Compl. ¶¶ 74–81). Plaintiff's Motion for Default Judgment seeks default judgment on Count VI, negligent misrepresentation. Doc. 30 at 1.

Plaintiff seeks damages in the principal amount of $154,112.99 and prejudgment interest as provided by Fla. Stat. §§ 687.01, 55.03 to date of the court entering this final judgment. Doc. 30 at 3–4. Plaintiff also seeks post-judgment interest as provided by 28 U.S.C. § 1961(a).[1] *Id.* at 4–5.

Plaintiff has alleged facts sufficient to establish diversity jurisdiction under 28 U.S.C. § 1332. Doc. 1 at 1–2 (Compl. ¶¶ 1–8). Plaintiff is incorporated in Florida, with its principal place of business in Florida, and defendant Verner is a citizen of Maryland, residing in Maryland. *Id.* The amount in controversy exceeds $75,000. *Id.* Plaintiff also has alleged facts sufficient to establish that this court has personal jurisdiction over defendant Verner. *Id.* at 2–3 (Compl. ¶ 11). The court can accept as true these factual allegations on a motion for default judgment. *Hermeris, Inc. v. McBrien*, No. 10-2483-JAR, 2012 WL 1091581, at *1 (D. Kan. Mar. 30, 2012). Thus, plaintiff has established that this court has jurisdiction to enter a default judgment against defendant Verner.

## II. Legal Standard

Federal Rule of Civil Procedure 55 adopts a two-step process for securing a default judgment. First, Rule 55(a) authorizes the Clerk to enter a default against a party who "has failed to plead or otherwise defend" a lawsuit. Second, after the Clerk enters default, plaintiff may request the Clerk to enter judgment if the amount sought is "a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1).

---

[1] Under 28 U.S.C. § 1961, plaintiff is entitled to interest calculated "from the date of entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Our court has explained that "[a]warding post-judgment interest is mandatory." *Doran L. Off. v. Stonehouse Rentals, Inc.*, No. 2:14-2046-JAR-KGG, 2020 WL 707980, at *2 (D. Kan. Feb. 12, 2020) (citing *Bancamerica Com. Corp. v. Mosher Steel of Kan., Inc.*, 103 F.3d 80, 81 (10th Cir. 1996)).

"Once the default is established, defendant has no further standing to contest the factual allegations of plaintiff's claim for relief." *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274 (D. Kan. 2016) (citations and internal quotation marks omitted). But, even after default, "'it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (quoting 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2688 (3d ed. 1998) (further citation omitted)). When deciding whether to enter a default judgment, a district court enjoys broad discretion. *Mathiason*, 187 F. Supp. 3d at 1274.

When ruling on a motion for default judgment, the court takes the factual allegations in the complaint as true, "except for those relating to the amount of damages." *Hermeris, Inc.*, 2012 WL 1091581, at *1. The court may award damages "'only if the record adequately reflects the basis for [the] award via a hearing or a demonstration by detailed affidavits establishing the necessary facts.'" *DeMarsh v. Tornado Innovations, L.P.*, No. 08-2588-JWL, 2009 WL 3720180, at *2 (D. Kan. Nov. 4, 2009) (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (further citations and internal quotation marks omitted)).

### III. Analysis

Plaintiff's motion seeks a judgment of $154,112.99 based on one claim—negligent misrepresentation. Doc. 30 at 3. Along with the Motion for Default Judgment (Doc. 30), plaintiff submitted a detailed Declaration establishing the amount and basis for requested damages. *See* Doc. 30-1 (Aedo Decl.).[2]

---

[2]  Plaintiff submitted a Declaration from its company president, attesting to the amounts due under the invoices that defendant has failed to pay.

Plaintiff's Complaint satisfies the prima facie elements for a negligent misrepresentation claim under Florida law.³ Under Florida law, to prove a negligent misrepresentation claim, a plaintiff plausibly must establish four elements:

> (1) there was a misrepresentation of material fact; (2) the representer either knew of the misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false; (3) the representer intended to induce another to act on the misrepresentation; and (4) injury resulted to a party acting in justifiable reliance upon the misrepresentation.

*Treminio v. Crowley Mar. Corp.*, No. 3:22-CV-174-MMH-PDB, 2023 WL 113565, at *11 (M.D. Fla. Jan. 5, 2023) (quoting *Gilchrist Timber Co. v. ITT Rayonier, Inc.*, 127 F.3d 1390, 1393–94 (11th Cir. 1997) (quoting *Baggett v. Electricians Loc. 915 Credit Union*, 620 So. 2d 784, 786 (Fla. Dist. Ct. App. 1993))).

Plaintiff alleges that defendant made a false statement of material fact—that he was an independent sales agent of GOLITE, when he was, in fact, GOLITE's CEO. Doc. 1 at 9 (Compl. ¶¶ 75–76). The Complaint alleges that defendant knew the falsity of the statement, because he

---

³ This court sits in diversity jurisdiction. Thus, it applies Kansas choice-of-law rules to determine which state's substantive law applies to plaintiff's claim. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). The claim at issue here—negligent misrepresentation—is a tort claim. Kansas's choice-of-law rules for tort claims require the court to apply the law of the place where the tort occurred. *Textron Aviation, Inc. v. Superior Air Charter, LLC*, 420 F. Supp. 3d 1186, 1193 (D. Kan. 2019) ("Under Kansas law, the substantive law of the state where the tort occurred applies."); *Ling v. Jan's Liquors*, 703 P.2d 731, 735 (1985) ("The rule in this state is that the law of the state where the tort occurred—*lex loci delicti*—should apply."). Where the injury and the negligent conduct occurred in different states, the place of injury controls. *Draughon v. United States*, 103 F. Supp. 3d 1266, 1282 (D. Kan. 2015); *Brown v. Kleen Kut Mfg. Co.*, 714 P.2d 942, 944–45 (1986).

Plaintiff alleges that the injury occurred in Florida. Doc. 30 at 2; *see also* Doc. 1 at 10 (Compl. ¶ 81) ("As a result of [defendant Verner's] material misrepresentation, [plaintiff] suffered an injury because [plaintiff] delivered merchandise to [other defendants] but never received payment for the same."). Plaintiff is incorporated and has its principal place of business in Florida and alleges financial injury. Doc. 1 at 1, 10 (Compl. ¶¶ 1, 81). Thus, plaintiff's injury occurred where it felt financial injury—its principal place of business in Florida—and the court applies Florida law. *See Hermelink v. Dynamex Operations E., Inc.*, 109 F. Supp. 2d 1299, 1303 (D. Kan. 2000) ("When a plaintiff alleges financial injury, the court looks to the law of the state in which the plaintiff felt that financial injury.").

knew he was GOLITE's CEO. *Id.* (Compl. ¶ 76). It alleges that defendant made the statement to induce plaintiff to sell merchandise to GOLITE. *Id.* (Compl. ¶ 77). The Complaint also alleges that plaintiff relied on defendant's misrepresentation when it accepted purchase orders submitted by defendant and entered contracts with GOLITE. *Id.* at 9–10 (Compl. ¶¶ 77, 80). As a result of defendant's material misrepresentation, the Complaint alleges, plaintiff sustained an injury because it delivered merchandise but never received payment. *Id.* at 10 (Compl. ¶ 81). Taking these factual allegations as true, the court concludes that plaintiff has established sufficiently all four elements of a negligent misrepresentation claim. The court also concludes that the record adequately establishes the basis for this award of damages. *See DeMarsh*, 2009 WL 3720180 at *2.

In sum, plaintiff has established that defendant is liable to plaintiff for negligent misrepresentation. Also, plaintiff has submitted evidence establishing that it has sustained damages from defendant's negligent misrepresentation in the amount of $154,112.99. Doc. 30-1 at 2 (Aedo Decl. ¶ 6).

In addition to this principal amount, plaintiff requests—and is entitled to—prejudgment interest calculated under Fla. Stat. §§ 687.01, 55.03 and post-judgment interest calculated under 28 U.S.C. § 1961. *See* Doc. 30 at 3–5. Thus, the court enters a final default judgment in the total amount of $154,112.99, plus prejudgment interest that has accrued at the applicable rate, plus post-judgment interest at the applicable rate.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Entry of Default Judgment (Doc. 30) is granted. Under Fed. R. Civ. P. 55 and Local Rule 77.2, the Clerk of the Court is instructed to enter judgment against defendant Verner in the total amount of $154,112.99, plus prejudgment interest accrued at the rate provided in Fla. Stat. §§

687.01, 55.03.  The court also awards plaintiff post-judgment interest at the rate provided in 28 U.S.C. § 1961 from the date of this judgment's entry.

**IT IS SO ORDERED.**

**Dated this 28th of April, 2023, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**